### HOLLISTER v. DONAHOE, Sheriff.

Laws 1893, Chapter 140, amending Comp. Laws 1887, §§ 5421, 5447, which allowed one year to redeem from a mortgage foreclosure sale, by providing that if, at the expiration of one year, from the date of the sale, the mortgagor shall pay all taxes and interest due, and interest for a year in advance, the time of redemption shall be extended one year, in so far as it applies to mortgages executed before its adoption is unconstitutional, as impairing the obligation of contracts.

(Opinion filed April 4, 1899.)

Appeal from circuit court, Minnehaha county. Hon. JOS-
EPH W. JONES, Judge.

Mandamus to compel the issuing of a sheriff's deed.
Judgment for defendant, and plaintiff appeals. Reversed.

The facts are stated in the opinion.

*Davis, Lyon & Gates,* for appellant.

The act of 1893 cannot be applied to this contract, because
to do so would be to impair its obligation and violate the con-
stitution of the United States. Greenwood v. Butler (Kan.),
23 L. R. A. 465; Bernitz v. Beverly, 163 U. S. 118; Louisiana
v. New Orleans, 101 *Id.* 203; United States v. Quincy, 71
*Id.* 535.

However, there is no language in the statute which shows
an intention on the part of the legislature to make it retroac-
tive. Auffmordt v. Rasin, 102 U. S. 620; American Inv. Co. v.
Thayer, 7 S. D. 72, 63 N. W. 233.

*A. B. Kittredge,* for respondent.

The case, Barnitz v. Beverly, 163 U. S. 118, is distinguish-
able from the case at bar, because under the Kansas laws in
force at the time the notes and mortgage were executed there
was no right of redemption whatever. The new law, there-
fore, conferring the right of redemption, did not merely at-
tempt to change the remedy, but undertook to change and
regulate the rights of the parties without any consideration.

HANEY, J. Plaintiff owned certain promissory notes, se-
cured by a real-estate mortgage executed June 1, 1893. In an
action instituted to collect the debt and foreclose the mort-
gage, judgment was rendered April 11, 1896. The mortgaged
premises were sold June 22, 1896, and purchased by the plaint-

iff to whom a proper certificate of sale was issued. Subsequently the sale was confirmed, and on June 23, 1897, the plaintiff, who owned and held the certificate of sale, demanded of defendant a sheriff's deed, which was refused, on the ground that the successor in interest to the mortgagors had complied with the provisions of Chapter 140, Laws 1893, and thus extended the period of redemption one year. Thereupon this proceeding was commenced to compel the issuing of a sheriff's deed, which resulted in a judgment for defendant, and plaintiff appealed.

Chapter 140, Laws 1893, is as follows:

"Section 1. That Sections 5421 and 5447 of the Compiled Laws of 1887, be amended to read, as follows: All real property sold upon foreclosure of mortgage, by advertisement, order, judgment or decree of court, may be redeemed at any time within one (1) year after such sale in like manner and to the same effect as provided in Article 5 of Chapter 13 of this code for redemption of real property sold upon execution, so far as the same may be applicable, by: (1) The mortgagor or his successor in interest in the whole or any part of the property. (2) A creditor having a lien by judgment or mortgage on the property sold, or on some share or part thereof, subsequent to that on which the property was sold, such creditor is termed a redemptioner and has all the rights of a redemptioner under that chapter, and the mortgagor and his successors in interest has all the rights of the judgment debtor and his successors in interest as provided therein: provided, that if at the expiration of one year from the date of sale, the mortgagor or his successor in interest shall pay all taxes due on the land and all interest due under the provisions of the mortgage, and interest for one

year in advance, then the time of redemption shall be extended for one year. Such payment shall be evidenced by the certificate of the sheriff or holder of the certificate of sale duly acknowledged, which shall be recorded in the office of the register of deeds, and such certificate or a certified copy of the record shall be conclusive proof of such payment.

"Section 2. That all acts and parts of acts in conflict with the provisions of this act be and the same are hereby repealed."

The foregoing act went into effect July 1, 1893. Prior thereto, and when plaintiff's mortgage was executed, the period of redemption was one year from the day of sale. Comp. Laws, § 5447. Plaintiff contends that, if the act be construed as applicable to mortgages in existence when it went into effect, it is in conflict with the provision of the federal constitution which prohibits the states from passing any law impairing the obligation of contracts. Const. U. S. Art. 1, § 10. Thus arises a question which must be determined by the decisions of the federal courts. In 1893 the legislature of Kansas passed a law providing, in place of a mortgage foreclosure law, under which the purchaser took an absolute title and possession upon the confirmation of the sheriff's sale and issue of the sheriff's deed, that the mortgagor should have 18 months for redemption, with full right of possession during that time. This law came before the supreme court of the United States in 1896. and it was held to be unconstitutional as applied to a mortgage executed before its passage. Barnitz v. Beverly, 163 U. S. 118, 16 Sup. Ct. 1042. The decision was delivered by Mr. Justice SHIRAS, who uses this language: "No provision of the constitution of the United

States has received more frequent consideration by this court than that which provides that no state shall pass any law impairing the obligation of contracts. This very frequency would appear to have rendered it difficult to apply the result of the court's deliberations to new cases, differing somewhat in their facts from those previously considered. * * * The decisions of this court are numerous in which it has been held that the laws which prescribe the mode of enforcing a contract, which are in existence when it is made, are so far a part of the contract that no changes in these laws which seriously interfere with that enforcement are valid, because they impair its obligation, within the meaning of the constitution of the United States. But it will be sufficient, for our present purpose, to mention a few only." And after quoting from, and commenting upon, numerous decisions, this conclusion is reached: "Without pursuing the subject further, we hold that a statute which authorizes the redemption of property sold upon foreclosure of a mortgage, where no right of redemption previously existed, or which extends the period of redemption beyond the time formerly allowed, cannot constitutionally apply to a sale under a mortgage executed before its passage." It is impossible to distinguish, in principle, a case where the period of redemption is extended from one year to two years from a case where redemption is authorized when no such right previously existed. If the legislature can extend the time of redemption with reference to existing mortgages one year, it can for five or any number of years, and thus practically destroy the creditor's security. Payment of interest and taxes may render the impairment of the original contract less inequitable, but nevertheless there is a serious interference with the enforcement of

the contract. Should the law under discussion be construed as applicable to mortgages executed before its passage, it would sanction legislation which would, in effect, preclude recovery of the principal sum secured by a mortgage for such time as the legislature might permit redemption upon payment of interest and taxes. This would be clearly in conflict with the federal constitution, and manifestly unjust to parties who contract with reference to existing laws. We think the supreme court of the United States was right when it decided that a statute "which extends the period of redemption beyond the time formerly allowed cannot constitutionally apply to a sale under a mortgage executed before its passage." Barnitz v. Beverly, *supra.* The judgment of the circuit court is reversed, and the case remanded for further proceedings according to law.