[No. 3242.   Aug. 16, 1929.]

PERSHING v. WARD et al.

[280 Pac. 254.]

Reese & Reese and E. S. Gibbany, all of Roswell, for appellant.

L. O. Fullen and Tomlinson Fort, both of Roswell, for appellee Ward.

J. H. Jackson, of Artesia, for appellee Brainard-Corbin Hardware Co.

G. U. McCrary, of Artesia, for appellee Mann.

## OPINION OF THE COURT

SIMMS, J.  It appears that plaintiff and defendant are related by marriage, and for the past 15 or 20 years have been engaged in speculative land ventures in various parts of the country.  Plaintiff had resided in Texas for several years prior to this suit, and is a man of middle age.  Defendant has always resided in Missouri, and is much older.  Just how much money the older man has put up for the younger in the last 10 or 15 years, in the shape of notes, drafts, and checks for various purposes, is not material here.

In 1917, plaintiff owned a two-story building in Artesia, on which he had assumed a $4,000 mortgage, and the holder of the mortgage was threatening to foreclose. Plaintiff was ill, and, not being able to raise the mortgage money, he deeded the property to defendant, using an ordinary form of warranty deed with the usual covenants, but adding after the grantee's name the one word "Trustee." Nowhere else in the deed does this word, or anything with reference to a trust, appear.  Defendant recorded the deed, and shortly thereafter took possession of the premises through an agent, and had rented the same for about seven years prior to the trial.  He also paid off the mortgage of $4,000 in 1917, but did not have the satisfaction recorded.  Defendants C. E. Mann and Brainard-Corbin Hardware Company, a firm, and the members thereof, were made defendants, because they hold leases from defendant in the building.

Plaintiff claims that defendant was a trustee for him, and was to hold the title in trust until the mortgage was refinanced by plaintiff, whereupon he was to deed the property back, unless plaintiff should die in the meantime, in which event the property was to be held for his two minor children.  He claims that defendant has repudiated his trust, and refuses either to account for the rents of the building or give up possession to plaintiff.

He prays that the deed be canceled and the defendant be forced to deliver up possession and to account, and that his title be quieted as against defendant's claims.

Defendant denies the trust arrangement. He says that plaintiff owed him over $10,000, and, when he sought to borrow an additional $4,000 and interest money to take up the mortgage on the building, he (defendant) told plaintiff that he would accept the building for what he held against plaintiff, and would take care of the mortgage besides, although it was more than the building was worth, and that he would sell the building as and when conditions were favorable, and, in the event he got more than the amount of the debt and interest, he would turn the balance over to plaintiff, since he did not want to make any profit out of the transaction. He also says that, if he got less, no effort would have been made to hold the deficiency as a debt against plaintiff. He denies that he was aware that the word "Trustee" was in the deed until long after it was recorded. He pleads laches and the statute of limitations against the plaintiff's action to set aside the deed, and in addition he interposes an "answer by way of new matter and counterclaim," in which he recounts the history of various previous and unrelated transactions with the plaintiff, avers that plaintiff owes him over $10,-000 because of them, besides the mortgage he paid of $4,-000 and interest, demands a general accounting with the plaintiff, and prays that, if his deed is treated as a mortgage, it be foreclosed for his benefit, and the property be sold to satisfy his demands.

Plaintiff promptly pleaded the statute of limitations against all items of the counterclaim, and thus the matter stood at the time of trial. The other defendants, tenants in the building, answered, and claimed that they took their leases in good faith and without knowledge of any infirmity in defendant's title to the premises, and prayed that they be protected.

After hearing the testimony, the court was able to announce his decision only as to a part of the case. He said that the tenants had taken leases in good faith and should be protected, and that he was also satisfied that

the plaintiff had failed to make out his case on the proof. He found that there was no trust in plaintiff's favor, but that the deed was intended to be, and was, a mortgage. He reserved his decision as to what effect the question of the statute of limitations might have as against the counterclaim, and also as to the correct amount thereof, if not barred. He desired to consider that matter further. The defendant, after learning that the plaintiff had failed to prevail on his theory of a trust, moved the court for permission to dismiss his counterclaim without prejudice. This motion the plaintiff resisted, claiming that he would be prejudiced by the granting thereof. After having the matter briefed, the court decided in favor of defendant, and allowed him to dismiss his counterclaim without prejudice, and entered a decree in which the only thing adjudicated was that the defendant was not a trustee for plaintiff, but a mortgagee in possession, and dismissed plaintiff's complaint. This appeal followed.

Appellant first complains of the action of the trial court in permitting the defendant, after he had learned that the court would rule against the plaintiff on the evidence, to dismiss his counterclaim without prejudice, and thus avoid the question of whether or not the statute of limitations was a bar to the several items thereof. Appellant claims that there is no statute which permits such dismissal, and that it was prejudicial to his rights.

Section 4295, Code 1915 of New Mexico, provides:

"Any cause pending in any court of this State may be dismissed by the plaintiff in said cause, at his costs, at any time before * * * judgment has been rendered in causes tried by the court."

Is the defendant a "plaintiff," with regard to his counterclaim?

In the case of Andrews v. French, 17 N. M. 615, 131 P. 996, we held that a person who filed a claim in a general receivership proceeding and demanded a jury trial thereon had the right to dismiss his claim under the foregoing section. We must have thought that such claimant was "plaintiff" as to his claim, within the meaning of the section, in the sense that he was the moving party. He was

not the original plaintiff, who brought the suit to have the corporation declared insolvent. We see no more reason for so ruling in favor of such a claimant than there exists here to permit a defendant to dismiss his counterclaim.

But if it should be contended that the defendant's "answer by way of a new matter and counterclaim" was not in fact a true counterclaim, within the meaning of section 4116, Code 1915, but was a cross-complaint, such as was considered in Young v. Vail, 29 N. M. 324, 222 P. 912, 34 A. L. R. 980, it suffices to say that the question of permitting the dismissal thereof was one for the trial court's discretion, and we see nothing in the record to show any abuse thereof. Appellant claims he was seriously prejudiced. He lived at Roswell, while defendant lived in Missouri. The land involved is in Artesia, closer to plaintiff than to defendant. Plaintiff is much younger than defendant. There were no important witnesses, except the parties themselves. It would appear that the person who ran the risk of prejudice by the dismissal was the defendant, rather than the plaintiff.

■ Next appellant complains of the trial court's holding the deed to D. T. Ward, "Trustee," to be a mortgage and not a trust deed, as contended by appellant, and of its refusal to quiet the title of plaintiff to the land of which Ward, the defendant, was in possession. The mere use of the word "Trustee" by a grantor in a deed, in one place therein, after the grantee's name, does not always and in every case, regardless of the surrounding facts or circumstances, create a trust. See "Trusts," 39 Cyc. pp. 21-24, inc. The finding and conclusion of the court from all the testimony was that defendant Ward was a mortgagee in possession, and not a trustee. We cannot say that there is any lack of testimony to sustain the same. In such cases, this court will not disturb the findings of the trial court.

■ As to the status of the leases to the defendants C. V. Brainard and Mark A. Corbin, partners doing business as Brainard-Corbin Hardware Company, and C. E. Mann, the trial court made findings favorable to the rights of the tenants, and these, and other findings, the appellant

criticizes as not being sustained by the evidence. The record discloses substantial testimony to justify these findings also, and they will not be disturbed.

In conclusion, we might say that the judgment of the lower court in this case seems to us to rest upon the soundest principles of equity. The learned trial judge, called to sit as a chancellor in this dispute, rendered the only logical decree which could have been entered. He adjudicated the effect of the deed in question to be a mortgage. This disappointed the plaintiff, but it at least gives him the satisfaction of knowing what his rights are. By permitting the counterclaim to be dismissed, the chancellor allowed the defendant to retain the protection of the claims he has against the plaintiff. Defendant remains in possession. Whenever the plaintiff wishes to redeem and resume possession, we assume he will find himself forced to offer to do equity by paying his debt to the defendant, whatever it may be instead of pleading the statute of limitations.

The judgment was right. It should be affirmed, and the cause remanded; and it is so ordered.

WATSON and CATRON, JJ., concur.

BICKLEY, C. J., and PARKER, J., did not participate.