STATE ex rel THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Plaintiff, v. THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT WITHIN AND FOR MINNEHAHA COUNTY, et al, Defendants.

(249 N. W. 631.)

(File No. 7572.   Opinion filed July 7, 1933.)

*Judge & Chapman,* of Sioux Falls, for Plaintiff.
*Danforth & Davenport,* of Sioux Falls, for Defendants.

RUDOLPH, P. J. On the 14th day of December, 1916, Isaac J. Todd and others executed and delivered to the petitioner, the Northwestern Mutual Life Insurance Company, a mortgage covering certain lands in Minnehaha county, S. D., securing an indebtedness then owing by the mortgagor to the mortgagee. This mortgage contained a power of sale, as follows: "It shall be lawful for the party of the second part its successors or assigns to foreclose this mortgage by action or advertisement, as by statute in such case made and provided." A default making operative the power of sale occurred in the conditions of the mortgage, and on April 5, 1933, the mortgagee commenced proceeding to foreclose the mortgage by advertisement. Notice of mortgage sale was published, and on the 29th day of April, 1933, the mortgagor appeared before the circuit court of Minnehaha county, and there

358

filed an application describing the mortgage and stating his interest, and stated that he "desires that said mortgage be foreclosed by action in the circuit court of Minnehaha county, South Dakota, that being the court having jurisdiction' of said property." The circuit court did thereupon enter its order, enjoining the mortgagee from foreclosing said mortgage by advertisement, and directing that all further proceedings for the foreclosure be had in the circuit court of Minnehaha county. The matter is now before this court as an original proceeding, wherein it is sought to review the jurisdiction of the circuit court in entering its order.

We have recently held that an order entered under the provisions of section 2876, Rev. Code 1919, and amendments thereto, is not an appealable order. See Bargmann v. Mutual Benefit Life Insurance Co. of Newark, N. J., 60 S. D. 255, 244 N. W. 325. We have, therefore, deemed it advisable to entertain original jurisdiction. The application to restrain the foreclosure by advertisement was made, and the order entered under the provisions of chapter 135, Laws 1933, and the validity of this law is now being attacked. Chapter 135, Laws 1933, is an amendment of section 2876, Rev. Code 1919. The petitioner, the Northwestern Mutual Life Insurance Company, contends that the amendment of 1933, if construed to be applicable to its pre-existing mortgage, violates section 12 of article 6 of the Constitution of South Dakota, in that it impairs the obligation of the contractual power of sale contained in the mortgage.

Prior to 1927, section 2876, Rev. Code 1919, was as follows: "Power of Sale in Mortgage. Every mortgage of real property containing therein a power of sale, upon default being made in the condition of such mortgage, may be foreclosed by advertisement, in the cases and manner hereinafter specified; provided, that when the mortgagee or his assignee has commenced procedure by advertisement, and it shall be made to appear by affidavit of the mortgagor, his agent or attorney, to the satisfaction of the judge of the circuit court of the county wherein the mortgaged property is situated, that the mortgagor has a legal counterclaim or any other valid defense against the collection of the whole or any part of the amount claimed to be due on such mortgage, such judge may, by an order to that effect, enjoin the mortgagee or his assignee from

foreclosing such mortgage by advertisement, and direct that all further proceedings for the foreclosure be had in the circuit court properly having jurisdiction of the subject matter; and for the purpose of carrying out the provisions of this section, service may be made upon the attorney or agent of the mortgagee or assignee."

This section was amended by chapter 163, Laws of 1927, to read as follows:

"Section 2876. Power of Sale in Mortgage. Every mortgage of real property, containing therein a power of sale, upon default being made in the condition of such mortgage, may be foreclosed by advertisement, in the cases and in the manner hereinafter specified; provided, that when the mortgagee, his person representative, or assignee, has commenced foreclosure by advertisement, the mortgagor, or his successor in interest, may apply to the Circuit Court of the county where the mortgaged property, or a part thereof, is located, for an order enjoining such foreclosure. Such application shall be in writing duly verified by the applicant, his agent or attorney, and shall set forth the grounds upon which the applicant will rely for the injunction sought.

"The court shall upon presentation of such petition, issue its order to show cause setting a time and place for the hearing of said petition. Upon such hearing, if the Court is satisfied that the mortgagor, or his successor in interest, has a legal counterclaim or any other valid defense against the collection of the whole, or any amount claimed to be due on such mortgage, the Court may in its discretion by an order to that effect, enjoin the mortgagee, his heirs, personal representative, or assigns, as the case may be, from foreclosing such mortgage by advertisement, and direct that all further proceedings for the foreclosure of such mortgage, be had in the circuit court properly having jurisdiction of the subject matter; provided further, that for the purpose of carrying out the provisions of the section, service may be made upon the attorney or agent of the mortgagee, his heirs, personal representative, or assigns."

The 1933 session of the Legislature again amended this law by chapter 135 of the Session Laws of 1933, which is as follows: "Section 2876. Power of Sale in Mortgage. Every mortgage of Real Property containing therein a power of sale, upon default

being made in the condition of said mortgage, may be foreclosed by advertisement, in the cases and manner hereinafter specified; provided, that when the mortgagee or his assignee has commenced procedure by advertisement, the mortgagor or his successor in interest may require the owner and holder of the mortgage to foreclose by action and for that purpose shall present to the Court having jurisdiction thereof an application describing the mortgage and stating his interest and stating the fact that he desires the mortgage foreclosed by action without necessity of stating any reasons, and upon such application the Judge of such Court shall by an order to that effect, enjoin the mortgagee or his assignee from foreclosing such mortgage by advertisement, and direct that all further proceedings for the foreclosure be had in the Circuit Court properly having jurisdiction of the subject matter; and provided, further, that in the event issue is joined by appearance or answer on part of the mortgagor or successor in interest in such action, the attorney's fees that may be taxed against the defendants shall not exceed the amount now provided by law for foreclosure of mortgage by advertisement; and for the purpose of carrying out the provisions of this Section, service may be made upon the attorney or agent of the mortgagee or assignee."

The first question which presents itself to our minds, and the answer to which question will in our opinion determine the results of this case, is: What is the obligation, with reference to the power of sale, concerning which these parties have contracted? Section 1554, Rev. Code 1919, which was in existence at the time this mortgage was given, is as follows: "A power of sale under a mortgage is a trust, and as to real property can be executed only in the manner prescribed in title 2." Title 2 is the Code of Civil Procedure (section 2089 et seq.), which contains as a part thereof the above-quoted section 2876. North Dakota has as a part of its Code a section identical to the above-quoted section 1554. Speaking with reference thereto in the case of Scott v. District Court, 15 N. D. 259, 107 N. W. 61, 64, the North Dakota court said: "Moreover, the statute, then as now, provided that a power of sale in a mortgage of real property 'can be exercised only in the manner prescribed by the Code of Civil Procedure.' Comp. Laws, § 4353. The Legislature thereby expressly reserved the power to control and regulate the exercise of that remedy. The

stipulation in the mortgage for this method of foreclosure was that the remedy should be exercised 'agreeably to the statute in such case made and provided.' The statute therein referred to means the law which might be in force when the mortgagee resorted to the remedy. * * * So construed, it is plain that the stipulation for the remedy contemplated that it should be subject to future legislation as to the manner of exercising it." It should be here noted that the mortgage in this case contains a provision in effect identical to that contained in the mortgage in the North Dakota case, that is, it provides that the foreclosure shall be "as by the statute in such case made and provided." Should we, therefore, in this case apply the rule announced in the North Dakota case, the obligation concerning which these parties have here contracted, would be that the mortgagee could exercise his power of sale by foreclosing the mortgage by advertisement only in the manner prescribed in the Code of Civil Procedure at the time when the mortgagee sought to exercise the power. We are of the opinion that this construction placed upon the statute and the contract by the North Dakota court is a proper construction, and that we should adopt it to govern our decision in this case. The obligation of the contract with respect to the power of sale being as expressed above, did the enactment in 1933 in any manner impair its obligation? We are of the opinion that it did not. The execution of this power under the terms of section 1554 and the provisions in the contract was subject to the control and regulation of the future acts of the Legislature. The Legislature by the act of 1933 has simply restricted the conditions under which the power might be exercised, and under the construction we have herein placed upon the statute and contract this was within the contemplation of the parties at the time the contract was made.

■ The petitioner relies to a great extent upon what was said in the case of Reilly et al v. Phillips, 4 S. D. 604, 57 N. W. 780. It was held in that case that a power of sale contained in a mortgage is not naked power, but is a power coupled with interest, and is not terminated by the death of the mortgagee. If the parties in fact contracted that the law in existence at the time the mortgagee sought to exercise the power should control the manner in which the power should be executed, it makes no difference whether the power is only a naked power or a power coupled with an inter-

est. The parties by their contract agreed that the execution of the power should be in the manner provided at the time the mortgagee sought to exercise the power, and whatever the nature of that power the contract is controlling. Whether we say that the power of sale contained in the mortgage is only a naked power or a power coupled with an interest, the fact remains that the practical and only purpose of the power is to give to the mortgagee a remedy to enforce the real obligation of the contract, that is, to subject the security to the payment of the debt. In this connection it should be pointed out that the mortgagee in this case still has the remedy of foreclosing this mortgage by action, which secures to him the fulfillment of the real obligation of this contract. We, therefore, think it doubtful even had the parties not contracted with reference to the manner of the execution of the power of sale, that any substantial right of the mortgagee has been interfered with by this act of 1933. So long as there remains sufficient remedy on the contract which secures all the substantial rights of the parties, an act of the Legislature changing the remedy does not impair the obligation of the contract. Tennessee v. Sneed, 96 U. S. 69, 24 L. Ed. 610. However, whether this change in the 1933 law is merely changing the remedy without effecting the substantial rights of thte mortgagee, we do not believe material in view of our previous holding that the parties by their contract contemplated this subsequent action of the Legislature.

█ The petitioner also relies to some extent upon the case of Hollister v. Donahoe, 11 S. D. 497, 78 N. W. 959, wherein it was held a statute, which extends the period of redemption beyond the time allowed at the time the mortgage was executed, is unconstitutional as to the mortgages executed before its passage. We do not believe that case is in any way controlling; it holds that so far as the period of redemption from sale by foreclosure is concerned, the parties contract with reference to the laws existing at the time the mortgage is made. However, section 1554 has no reference to the statutes governing the time for the redemption from the sale. This section refers to the manner of the execution of the power of sale, and the statutes fixing the time allowed for the period of redemption from the sale do not in our opinion have anything to do with the execution of the power of sale. The execution of the power of sale is completed with the sale of the property, and there-

after the certificate of sale is the lien existing against the property. Farr v. Semmler, 24 S. D. 290, 123 N. W. 835. Therefore, since section 1554 does not refer to the statutes fixing the period of redemption, but only to the statutes relating to the execution of the power of sale, the case of Farr v. Semmler, supra, has no application to this case. The said section 1554 is the statute which controls the result of this case.

The petitioner further contends that it does not appear on the face of the act of 1933 that it was to act retroactively and that, therefore, it should be held to act prospectively only. We cannot agree to this contention. The act refers to "every mortgage of real property containing therein a power of sale." We think this sufficient to indicate an intention to cover mortgages in existence at the time of the passage of the act. It also follows from the construction we have herein placed upon the contract, to the effect that the law in force at the time the power of sale is sought to be exercised is to govern, that this 1933 act must govern this present case.

So much has been written upon questions similar to those herein involved that it is not necessary to prolong this discussion. We have read and considered many cases discussing the questions here presented. What was said in Barnitz v. Beverly, 163 U. S. 118, 16 S. Ct. 1042, 1043, 41 L. Ed. 93, is here applicable: "No provision of the constitution of the United States has received more frequent consideration by this court than that which provides that no state shall pass any law impairing the obligation of contracts. This very frequency would appear to have rendered it difficult to apply the result of the court's deliberations to new cases differing somewhat in their facts from those previously considered."

The alternative writ issued herein will be dismissed.

POLLEY, ROBERTS, and WARREN, JJ., concur.

CAMPBELL, J., concurs in the result.