Irving A. KANAREK

v.

The UNITED STATES.

No. 139–58.

United States Court of Claims.

March 6, 1963.

Rex M. Minter, for plaintiff.

Lawrence S. Smith, Washington, D. C., with whom was Acting Asst. Atty. Gen. Joseph D. Guilfoyle, for defendant.

Before JONES, Chief Judge, and WHITAKER, LARAMORE, DURFEE and DAVIS, Judges.

LARAMORE, Judge.

This case originally came before the court on defendant's motion to dismiss. The court, at that time, suspended the proceedings until plaintiff had exhausted his administrative remedy through the Department of the Air Force.

Plaintiff thereafter pursued said remedy, and the Secretary of the Air Force approved the claim in the amount of $4,-677.52.

On July 23, 1962, plaintiff moved that the suspension of proceedings be lifted and that the court set the matter down

for argument. This motion was premised on the contention that more money is due plaintiff and the administrative recommendation of $4,677.52 was unacceptable to him. By order of court, this motion was allowed and, after filing of certain additional exhibits by defendant,[1] the case was assigned for argument on the validity of plaintiff's claim.

Thus the case now before us calls for a determination of the entire claim of plaintiff as alleged in his petition.

It is plaintiff's claim that in addition to loss of wages during the period his security clearance was withdrawn, he is entitled to a much greater sum representing damages suffered because of lost merit raises and general increases, damages based on a linear increase in earning power, loss of experience in the field of rocket propulsion research, loss of a bonus resulting from an invention of plaintiff, damages because of certain patent disclosures by North American Aviation, Inc., and for damages occasioned by loss of employment opportunities.

Plaintiff alleges his action arises under Article II of the Constitution of the United States, the Fifth Amendment thereto, and section 1491, Title 28 U.S.C., the general jurisdictional act relating to the Court of Claims.

The facts are these: On July 12, 1954, while employed as a research engineer for North American Aviation, Inc., plaintiff's Government clearance for access to classified security information was withdrawn. On September 21, 1955 it was restored.

North American Aviation, Inc., was a Government contractor and had, on April 6, 1953 entered into a written security agreement with the Government, containing various provisions for the safeguarding of classified security data that would come into its possession in the course of its performance of Government contracts. One of these provisions was that the Government agreed, upon application of the contractor, to designate employees of the contractor who could have access to certain types of classified security information.

With the exception of plaintiff's claim for loss of wages, we are of the opinion that plaintiff's claims are unfounded, and we will dispose of such claims at the outset.

Plaintiff first contends that his claim has an independent contractual basis in that he is a third party beneficiary of the security agreement the Government had with North American Aviation, Inc. In this respect, plaintiff cites no legal authority, and we know of none favoring plaintiff. On its face, the agreement between the Government and the contractor was designed to protect the interests of the United States and not an employee of the contractor as plaintiff argues. Furthermore, it is apparent that there was no privity between plaintiff and the Government, and since his alleged injuries were the result of dealings between the United States and the contractor, there is no basis for a contract implied or in fact between plaintiff and the United States.

Nor can plaintiff base a claim upon the due process clause of the Constitution. It was so held by this court in Dupree v. United States, 141 F.Supp. 773, 136 Ct.Cl. 57. In this case the court stated, 141 F.Supp. at page 776, 136 Ct. Cl. at page 61:

"We are, nevertheless, of opinion that his petition is insufficient to state a case as one founded on the Constitution. If it is possible at all in a case such as this to state a case founded on the Constitution, it would, at least, be necessary to allege facts to·show that, except for this violation of his constitutional rights, the certificate would have been granted him, and he would have been permitted to follow his vocation and

[1]. Inasmuch as the defendant filed exhibits to support its motion to dismiss, we now treat the Government's motion as a motion for summary judgment. Rule 16(b) of the Rules of this court.

would have earned the wages for which he sues.

"It is hardly conceivable that such a case could be stated, and, even if it could be done, we seriously doubt the right of a citizen to recover a money judgment in such a case. But, assuming such a case could be stated, the question is, did plaintiff lose his means of livelihood because of the alleged violation of his constitutional rights? Otherwise stated, is it necessarily true that the certificate would have been issued to him if his alleged constitutional rights had been respected, that is, had he been confronted by his accusers.

"How can we know? Suppose he had been confronted by his accusers and they had testified to the things alleged * * *; and that after these witnesses had been subjected to cross-examination, the Commandant had still believed their testimony, under these circumstances must he have granted the certicate? If this does not follow, plaintiff has not stated a case. Plainly it does not follow."

The Dupree case and this case are strikingly similar. Dupree's security clearance was withheld; plaintiff's security clearance was withheld. Here, as in the Dupree case, nothing is present, alleged or proved, to convince us that under any circumstances plaintiff's certificate would not have been removed or would have been granted him so that he would have been permitted to follow his vocation. Having failed to allege and prove the necessary allegations under the criteria of the Dupree case, supra, plaintiff cannot recover under the due process clause of the Constitution.

█ Nor has plaintiff stated a case under the just compensation clause of the Fifth Amendment of the Constitution. The action taken was simply the issuance of a regulation designed to protect the United States and action taken there-

under to withhold the security clearance. Its purpose was not to take property for public use, nor was property taken for public use which is essential to a Fifth Amendment taking.

█ Since there can be no recovery in this case under any article or amendment of the Constitution of the United States, and absent a contract between plaintiff and the United States, plaintiff's only alternative for recovery, with the exception noted earlier relating to loss of wages, would be under a statute, or a regulation, or for liquidated or unliquidated damages for cases not sounding in tort. 28 U.S.C. § 1491.

No statute or regulation is called to our attention and we know of none which could form the basis of plaintiff's claim. Consequently, plaintiff must also fail on this aspect of the case.

Respecting the portion of the statute which permits suits for liquidated or unliquidated damages for cases not sounding in tort, two decisions of the Court of Appeals for the Third Circuit[2] are significant. The facts of the above cases are very similar to the facts in this case, and the court therein clearly recognized and treated the alleged actionable conduct of the defendant as a tort. Recovery was denied because the Federal Tort Claims Act specifically precludes recovery for this particular category of torts. We can see no distinction between the two above cited cases and the case at bar. If it was a tort in the case of Dupree, it is a tort in the instant case, and since the statute specifically excludes tort claims from our jurisdiction, plaintiff cannot recover under this court's general jurisdictional act, supra.

This brings us to plaintiff's claim for wages lost by reason of the withholding of his security clearance. Paragraph 26, Industrial Personnel Security Review Regulation, Department of Defense Directive 5220.6, dated February 2, 1955, as amended, authorized the secretary of the department concerned to settle reim-

2. Dupree v. United States, 3 Cir., 247 F.2d 819; Dupree v. United States, 3 Cir., 264 F.2d 140.

bursement claims in appropriate cases resulting from the suspension of a contractor employee's clearance.

As noted earlier, plaintiff's security clearance was restored September 21, 1955. Pursuant to this court's order, plaintiff pursued his administrative remedy and the Secretary of the Air Force approved the claim in the amount of $4,677.52, covering the period July 12, 1954 to January 29, 1955, less outside earnings. He did not grant the claim for the balance of the period January 30, 1955 to September 21, 1955, because plaintiff failed to furnish satisfactory evidence to reasonably demonstrate a diligent interest in securing employment and availability therefor. It was pointed out to plaintiff in the letter allowing his claim in part that he drew unemployment compensation benefits from the State of California up to January 29, 1955, but they were terminated on that date, presumably because he failed to qualify for them under the unemployment code of that state, and that he did not contest or otherwise dispute such action. This was the only evidence concerning plaintiff's efforts to obtain employment during this period.

At the time of oral argument plaintiff was granted the opportunity to file an affidavit concerning his efforts to obtain employment and he thereafter did file such an affidavit. In his affidavit he avers that while he is now unable to state with precision the particular times, he did make efforts to secure employment and he lists the names of certain organizations to which he applied. He also avers that his efforts were to no avail. He also avers that menial employment, such as dishwashing as suggested by the Department of Employment of the State of California, was not sought, and that he was always ready, willing and able to work after July 12, 1954.

 We are of the opinion that a person with the scientific background of plaintiff should not be forced to take jobs so far below his level of intelligence and level of his former employment in order to avoid the implication of failure to seek employment. We are further of the opinion that in consequence of his affidavit, a question of fact now exists which cannot be disposed of except by a trial before a commissioner of this court.

Consequently, we now remand the case to a commissioner for a determination of the unresolved question of whether or not plaintiff actually did attempt to obtain employment in the period January 30, 1955 to September 21, 1955.[3]

On all other phases of the case, defendant's motion for summary judgment is granted, and plaintiff's petition with respect thereto is dismissed.

---

3. If plaintiff prevails, he, of course, would be entitled to recover loss of wages for this period in addition to the administrative determination of $4,677.52.