TOWN OF BROOKLINE *vs.* MILDRED G. CAREY.

Suffolk.     February 6, 1969. — March 6, 1969.

Present: SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Limitations, Statute of.   Real Property,* Reverter.   *Constitutional Law,*
     Statute of limitations.

G. L. c. 260, § 31A, inserted by St. 1956, c. 258, § 2, and amended by
     St. 1961, c. 448, § 5, applied to a reverter of land which occurred prior
     to January 2, 1955, and barred any claim to the land based on such
     reverter where, on or before January 1, 1964, possession of the land
     had not been taken pursuant to clause (a) of the statute nor had a
     sworn written statement been filed pursuant to clause (b) [426–427];
     § 31A was constitutionally so applied as a statute of limitations [427].

PETITION filed in the Land Court on December 21, 1964.

The case was heard by *Hettrick, J.*

*Lester S. Cramer* for the respondent.

*Herbert P. Wilkins (Acheson H. Callaghan, Jr., & Phillip Cowin,* Town Counsel, with him) for the petitioner.

SPALDING, J.   The town of Brookline brought this petition under G. L. c. 185 for the registration of title to a parcel of land in Brookline.   The parcel consists of three contiguous lots, but the ownership of only one of these lots (hereinafter called the Goddard lot) is in question.

The case was heard on agreed facts supplemented by evidence. In his decision the judge adopted the agreed facts and found additional facts. We summarize them as follows: The Goddard lot was taken by the town from Benjamin Goddard's estate in 1864, pursuant to Gen. Sts. c. 38, § 38, to form part of a parcel of land on which a school was to be built. At that time Gen. Sts. c. 38, § 39, provided in part, "The land so taken shall be held and used for no other purpose than that contemplated by this chapter, and shall revert to the owner, his heirs or assigns, upon the discontinuance there, for one year, of such school as is required by law to be kept by the town."[1]

Shortly thereafter the town built a school, part of which was located on the Goddard lot. The town in 1930 authorized the construction of a passageway ten feet wide across some of the land, including part of the Goddard lot, used for school purposes. In June, 1933, the school committee voted to notify the selectmen that the school building no longer was needed for educational purposes. Since that time the Goddard lot has not been used for school purposes, and the building was torn down in 1940.

The respondent Mildred G. Carey now holds whatever rights existed in favor of the owner of the Goddard lot when it was taken by the town. From 1932 to 1965 no person claiming the interest she now holds performed any act to take possession of the lot, with the exception of any acts that may have been taken with respect to the ten foot passageway. The judge ruled that the town was entitled to a decree registering title to the lot free of any claim by the respondent for the reason that she was barred from asserting any right by G. L. c. 260, § 31A.[2] The respondent appealed. G. L. c. 231, § 96.

There was no error.

---

[1] Section 38 was repealed by St. 1874, c. 342, § 2, but the rights created previously by the taking of the Goddard lot were not affected.

[2] The town contended that it also acquired title to the Goddard lot by adverse possession, but the judge's decision on that issue was adverse to the town. Since we are of opinion that the town is entitled to prevail under G. L. c. 260, § 31A, there is no need to discuss the adverse possession point.

The town's taking of the lot in 1864 created a fee simple determinable in the town and a possibility of reverter in favor of Goddard's estate. The first paragraph of G. L. c. 260, § 31A, added by St. 1956, c. 258, § 2, and amended by St. 1961, c. 448, § 5, provides in part: "No proceeding based upon any right of entry for condition broken or possibility of reverter, to which a fee simple or fee simple determinable in land is subject, created before the second day of January, nineteen hundred and fifty-five, shall be maintained either at law or in equity in any court after the first day of January, nineteen hundred and sixty-four, unless on or before the first day of January, nineteen hundred and sixty-four, (*a*) the condition has been broken or the reverter has occurred, and a person or persons having the right of entry or reverter shall have taken possession of the land, and in case of entry made after January first, nineteen hundred and fifty-seven, shall have filed a certificate of entry pursuant to section nineteen of chapter one hundred and eighty-four, or (*b*) a person or persons having the right of entry, or who would have it if the condition were broken, or would be entitled if the reverter occurred . . . shall . . . have filed in the registry of deeds . . . [or in the registry of the Land Court in the case of registered land] a statement in writing, duly sworn to, describing the land and the nature of the right and the deed or other instrument creating it . . . ." Neither clause (*a*) nor (*b*) was satisfied, and the respondent makes no contention to the contrary. She argues, however, that because § 31A applies to a "possibility of reverter," it was not intended to apply to possibilities of reverter which had occurred before the enactment of the statute, but only to those which were still contingent. Therefore, she contends, § 31A does not bar her rights, since the reverter in relation to the Goddard lot occurred sometime in 1934, a year after the school was no longer used. We are of opinion that the respondent's interpretation of the scope of § 31A is too restrictive.

Section 31A contains elements of both a statute of limitations and a recording statute. The Legislature previously

had enacted St. 1954, c. 641, § 1, inserting in the General Laws c. 184A, § 3 of which (read with St. 1954, c. 641, § 2) limited the duration of possibilities of reverter or rights of entry created *after* January 1, 1955, with certain exceptions, to a maximum of thirty years. Section 31A, which was added by St. 1956, c. 258, § 2, presumably is related legislation which applies to such future interests created on or before January 2, 1955. The Judicial Council, which proposed the bill that became § 31A, said that the bill seeks to quiet titles subject to possibilities of reverter or rights of entry for condition broken. See Thirty-first Report of the Judicial Council (1955), Pub. Doc. No. 144, p. 22. The purpose of quieting titles would be best carried out if the statute applied to all such future interests, even those that vested before 1955. Moreover, the statute itself bars proceedings based on "*any* right of entry for condition broken or possibility of reverter" (emphasis supplied). Both the words of the statute and its purpose lead us to conclude that it applies to all possibilities of reverter created before January 2, 1955.

We concur in the ruling of the judge that § 31A may constitutionally be applied to reverters which had occurred prior to its enactment. Section 31A is, among other things, a statute of limitations. It is settled that a statute of limitations which limits the time for enforcing rights that have accrued is constitutional, provided that a reasonable time is given after the enactment of the statute for enforcing the rights. *Mulvey* v. *Boston,* 197 Mass. 178, 182–184. *Lewis* v. *Crowell,* 205 Mass. 497, 501. *Atchafalaya Land Co. Ltd.* v. *F. B. Williams Cypress Co. Ltd.* 258 U. S. 190, 197. See *Wichelman* v. *Messner,* 250 Minn. 88, 106–110. Here the time allowed (approximately seven and one-half years) was clearly reasonable.

*Decision affirmed.*