JAMES STANLEY, Plaintiff-Appellant, *v.* HAROLD J. DENNING *et al.,*
Defendants-Appellees.

(No. 69-202; ■■■■■■■■■■■■■■■■)

Second District—December 3, 1970.

Berry, Simmons & Coplan, of Rockford, for appellant.

Maynard & Brassfield, of Rockford, (Robert K. Clark, of counsel,) for appellees.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

The plaintiff was injured on May 7, 1965, when a county road grader, operated by Harold J. Denning, turned left in front of his motorcycle.

On May 5, 1967, the plaintiff filed a three count complain for damages against the County of Boone, the Township of Flora, and Denning. The complaint alleged, in the alternative, that Denning was an employee of the two corporate defendants. No notice of injury was served upon any of the defendants. The complaint was dismissed on the basis that the plaintiff failed to comply with certain provisions of the Tort Immunity Act and this appeal followed.

On December 19, 1959, our Supreme Court rendered an opinion which has been credited with sounding the death-knell to the common law doctrine of sovereign immunity from tort liability enjoyed by local governmental units. (*Molitor v. Kaneland Community Unit District,* 18 Ill.2d 11.) The change in the common law rule of law prompted the re-

sponse of the Legislature through a variety of enactments granting immunity to certain local governmental units under specific situations. This proving unsatisfactory, the General Assembly, in 1965, set forth a comprehensive new enactment, The Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1965, ch. 85, sec. 1—101 *et seq.*) which defined this state's policy in the field of tort immunity as applied to all local governmental entities and their employees.

The Legislature did not, by the Act, overrule the *Molitor* case, which is still the law in Illinois; rather, the Act set forth the situations and conditions excepting the local entity or its employee from liability. (See, Article II, Parts 1 and 2.)

■■ The sections of the Act, pertinent to this appeal, are sections 8—101, 8—102 and 8—103 (Ill. Rev. Stat. 1965, ch. 85, pars. 8—101, 8—102 and 8—103) which respectively set forth that any such action against a local entity must be commenced within one year of the injury, that notice of the contemplated action be given within 6 months from the date of the injury and, that failure to serve notice shall bar the injured from further suing.

The issue presented for review is whether these provisions of the Act, as they relate to the instant case, are to be given prospective or retrospective application since the claim herein arose during the transitional period of the tort immunity law in Illinois; *i.e.*, the time between the *Molitor* decision and the effective date of the new Act. (August 13, 1965.)

Plaintiff's cause of action on the date of the occurrence was governed by the general Limitation Act (Ill. Rev. Stat. 1963, ch. 83, par. 15) which allowed suit to be brought within two years, without the necessity of filing a six month's notice. However, defendants argue that the provisions of sections 8—101 through 8—103 of the Tort Immunity Act are to be considered as statutes of limitation, effecting procedural rather than substantive rights of the plaintiff and that such statutes have always been accorded retrospective application by the courts.

As a general rule, statutes are to be construed prospectively unless the legislative intent that they be given retroactive operation clearly appears from the express language of the act or by necessary or unavoidable implication. Retrospective legislation is not favored. (*U.S. Steel Credit Union v. Knight* (1965), 32 Ill.2d 138, 142.) The roots of the policy embodied in this principle run deep in the common law. *Champaign County Bd. & Tr. v. Jutkins* (1963), 29 Ill.2d 253, 256, 50 Am. Jur., Statutes, Sec. 478.

■■ The is a presumption that a statute is to operate prospectively and

not retrospectively. In *Country Mutual Ins. Co. v. Knight* (1968), 40 Ill.2d 423, 426, it was stated:

"Because the Illinois Act makes no express provision concerning retroactivity, it becomes necessary to closely scrutinize the provisions of the Act to divine, if possible, an expression of legislative intent on this issue. Any equivocal expressions of intent must, of course, be judged in light of accepted rules of statutory interpretation, two relevant rules being: (1) that statutes are presumed to operate prospectively and not retroactively, unless the statutory language is so clear as to admit of no other construction (citations omitted); (2) that where a statute is susceptible of two constructions, one constitutional and the other unconstitutional, the interpretation favoring its constitutionality will be adopted. *Hogan v. Bleeker*, 29 Ill.2d 181."

Conversely, where the act requires retroactive application, it is the duty of the court to so apply it. *U.S. Steel Credit Union v. Knight, supra,* page 142.

■■ Plaintiff relies upon *Schear v. City of Highland Park* (1968), 104 Ill.App.2d 285, decided by this court, for the proposition that all three sections in question should be given prospective effect. In that case we acted upon the notice of injury provision (sec. 8—102), but did not consider the limitation of actions (Sec. 8—101) issue raised therein. See pp. 288-289 of the opinion.

We adhere to our former decision. In *Schear* we found the notice provision to be substantive rather than procedural. This was based upon the fact that the six months' notice required was a condition precedent to the cause of action. As such, it becomes an additional element necessary to be alleged and proved, the same as the other basic elements in the plaintiff's cause of action. Failure to so allege would be failure to state a cause of action. See, *Walters v. City of Ottawa* (1909), 240 Ill. 259; also, *Hoffman v. Evans* (1970), (Ill.App.2d), 263 N.E.2d 140.

There remains the question of the limitation of actions provision. (Sec. 8—101.) It should be first noted that this section applies only to a public entity and not to its employees. It provides:

"No civil action may be commenced * * * against a local entity for any injury unless commenced within one year from the date that the injury was received or the cause of action accrued."

We agree with defendants' contention that sections 8—101, 8—102, and 8—103 of the Tort Immunity Act are special statutes applicable to suits against public entities including counties and townships which supersede any pertinent general limitations statute thereto in effect as held in *Bowes v. City of Chicago* (1954), 3 Ill.2d 175, 205. We do not

agree that *Orlicki v. McCarthy* (1954), 4 Ill.2d 342 and authorities therein cited holding limitation statutes to be procedural and retroactive in application control this case.

Neither *Orlicki* nor any of the cases cited by defendants involve the reduction of a time limitation affecting a common law right of action. In determining whether a statute is intended to operate retroactively, we believe that there is an important distinction between an amendment reducing an existing time limitation which affects rights, statutory in origin, as opposed to those originating in the common law. The distinction is one of the emphasis supplied in determining the legislative intent when the enactment is not expressive. As stated in *Lichter v. Scher* (1956), 11 Ill.App.2d 441, 454:

"* * * where the courts might be zealous is protecting a litigant against divestiture by statute of all or a portion of a claim firmly rooted in our concepts of justice, they will not apply the same zeal to the application of a statute of penal import, regulatory and disciplinary in nature."

A similar direction is noted in *Tatge v. Hyde* (1967), 84 Ill.App.2d 310, at page 317:

"As we are dealing with a common-law right and not a statutory right, we believe the 1959 amendment should be construed to operate prospectively unless it clearly appears from the express language of the amendment that the legislative intent was to give the amendment retroactive operation * * *."

The reasons for a strict judicial attitude construing limitations provisions retroactively as procedural is understandable when a plaintiff's right to sue arises from legislation and not from any other source. The legislature which gives a right not existing at common law and provides the remedy for its enforcement may more easily be found to have made the decision to take it away. However, there is a contrary emphasis applied to a right which is firmly established in our concepts of justice, embodied in the common law and in the constitution "Every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive in his person * * *." Constitution of the State of Illinois, Art. 2, sec. 19.

■■ We have no doubt that a statute shortening the limitation period fixed by previous existing statutes may be applied retroactively even to existing common law causes of action, subject to the qualification that there must be a reasonable time permitted to enforce an existing cause of action. Although it could be concluded here that plaintiff had a reasonable time to enforce his cause of action subsequent to the Tort Immunity Act, a retroactive construction would also include cases in which a

reasonable time would not have existed. Since no effective date is included in the Act, it is reasonable to assume that the legislation is not intended to be retroactive. *Tatge v. Hyde,* 84 Ill.App.2d 310, *supra,* at page 317; *Schear v. City of Highland Park,* 104 Ill.App.2d 285, *supra,* at page 290.

Absent a clearly expressed intention to apply Tort Immunity Act to pre-existing cause of action, we hold the legislation to be prospective. This application is also preferred since it does not defeat the substantial purpose of the legislation, while protecting rights which ought to be an appropriate subject of protection. *Hogan v. Bleeker* (1963), 29 Ill.2d 181, 189.

We are of the opinion that the Legislature, having chosen to meet the problems of governmental tort immunity through a completely new Act, indicated its awareness of the chaotic situation born of piece-meal treatment and that the very intent of the Act was to set forth the specific applications and exceptions which could thenceforth be applied to all governmental entities and their employees.

■■ We therefore find the plaintiff's cause of action was not subject to the provisions in question; the trial court's order is hereby reversed and this cause remanded for further proceedings.

Reversed and remanded.

DAVIS, P. J. and SEIDENFELD, J., concur.