Davis, Judge,
delivered -the opinion of the court:
Wallace Cutler is a former defense-contractor employee who was allegedly discharged because the Defense Department initially denied him security clearance; some years later he was officially cleared. In this action he seeks monetary restitution under a departmental regulation providing for reimbursement by the Government of earnings lost by a contractor employee denied clearance if he later receives a favorable determination.[1]
Cutler’s submission, in the form of a motion for summary judgment, is as follows: In 1957 he was employed by Emerson Badio and Phonograph Corporation, which did defense work, as a field engineer working on classified matters. He held a confidential clearance from his employer but the company desired for him a higher grade of access to classified information, and therefore applied to the Defense Department for a “secret” rating. Late in June 1957 the Department denied him such access and suspended his interim security clearance. As a direct result, he says, he was discharged by Emerson in August 1957. Thereafter he tried for several years to have the Defense Department overturn this denial of clearance. After a series of proceedings, the Department, in June 1966, finally determined that the granting to him of authorization for access to secret information was clearly consistent with the national interest — and he was so informed at that time. He applied to the Department for monetary restitution in April 1972; this was denied the following month. He then brought this suit.
Defendant’s cross-motion for summary judgment queries whether plaintiff has proved the basic fact that his separation from Emerson was the result of the Department’s initial refusal of clearance. We do not consider whether this controversy over an essential factual element of the claim calls for *225 a trial because we accept one of tbe Government’s other defenses as dispositive. That complete bar is the plaintiff’s failure to comply with the procedural requirement of the 1986 regulation, in effect when he filed his demand with the Defense Department in 1972, that claims for reimbursement be presented to the Department within one year after final clearance, or one year after the claim accrues (whichever is later).
On this point the decisive issue is whether, in this particular respect, plaintiff’s claim is governed, as he asserts, by the 1955 directive which controlled when he was originally denied clearance in 1957, or by the 1966 regulation which had become the prevailing rule in 1972 when he filed his claim. The earlier regulation imposed no time limitation on the filing of the administrative claim for reimbursement.[2] The 1966 directive[3] provided that “Any claim shall be forever barred unless it is filed within one year after the date such claim first accrues, or within one year of the final disposition of the case, whichever is later * * Mr. Cutler’s case was finally determined, as we have noted, on June 22, 1966, and he did not present any claim to the Defense Department until April 21,1972, almost sis years later.
Greene v. United States, 376 U.S. 149 (1964), held that the complainant in Greene v. McElroy, 360 U.S. 474 (1959), was entitled to recover under the 1955 regulation, and not a later (1960) one which the Government sought to apply. But that case was quite different. The substantive requirements for restitution had been significantly altered in the *226 subsequent directive, and tbe defendant insisted that the claimant had to meet the new substantive conditions which were more burdensome than the earlier prerequisites. Moreover, the 1960 directive was not even issued until six or seven months after Greene 'had formally made his claim to the Defense Department. It was in these circumstances that the Supreme Court 'held that the 1960 directive should not be applied retroactively, or utilized at all. The opinion pointed out that the major aspect of the new substantive requirements (of the 1960 provision) were wholly irrelevant to a determination of damages under the 1955 regulation, and “[i]n view of the substantial differences between the two regulations and in view of the additional factual determinations that would be relevant under the 1960 regulation but irrelevant under the 1955 regulation, we conclude the 1960 regulation does not provide a reasonable basis for reviewing petitioner’s rights under the 1955 regulation.” 376 U.S. at 163.[4]
Significantly for the present case, the Greene opinion went on to say: “We do not suggest that a claimant, seeking damages under a former regulation, need not resort to administrative proceedings under a new regulation where the new regulation contains essentially the same substantive requirements as its predecessor.” 376 U.S. at 163. We can assume that plaintiff Cutler would be entitled under Greene, supra, to the substantive requirements of the 1955 directive, insofar as they might differ from those of the 1966 regulation (or an intermediate 1960 version), but there is no basis in Greene for excusing him from compliance with the purely procedural precondition of the 1966 scheme that he file his claim within a period of one year.[5]
Greene is therefore no barrier, but is the time-limitation *227 otherwise valid and applicable? It may be that, if plaintiff’s claim were grounded in a contract, a statute, or the Constitution, and Congress bad established a specified limitations period, an administrative agency could not bar relief by imposing an administrative time-limit shorter than that Congress had adopted. Cf. Perry v. Alien, 239 F. 2d 107 (C.A. 5, 1956).[6] But we have expressly held that any claim of a contractor employee in plaintiff’s situation must flow, not from a contractual right, a statute, or the Constitution, but solely from the reimbursement provision of the Defense Department’s own regulation. Kanarek v. United States, supra, 161 Ct. Cl. 37, 314 F. 2d 802 (1963). Cf. Greene v. United States, supra, 376 U.S. at 152, 164. The right to monetary restitution depends upon, and is created by, the regulation which offers that relief. In the absence of the restitution portion of the directive, there would be no monetary redress at all.
That being so, we see no reason why the Department which gave the right cannot decide to circumscribe it with this reasonable and appropriate procedural requirement.[7] There is no conflict with any Congressional legislation since Congress has not spoken in this area, and it is certainly sensible for the agency to erect some sort of time-fence. Otherwise it could be said that potential claimants had an unlimited period in which to seek relief from the Department, and thereafter a period of six years before suit had to be brought if the application was rejected.[8] Just as the authors of a regulation granting monetary redress may properly demand particularized and reasonable proof that the applicant fits *228 ■within the covered class, so may they ask (if, as here, Congress has not acted) that he present his claim within a reasonable time of its accrual. Such a limitation advances the goal of prompt and adequate determination.[9]
The one-year period inserted in the 1966 directive — though half as long as the two-year period allowed by the Federal Tort Claims Act, 28 U.S.O. § 2401(b) (1970) — cannot be overthrown as unreasonably short. The original Tort Claims Act had a one-year statute of limitations (§ 420 of the Legislative Eeorganization Act of 1946, Ch. 753, 60 Stat. 845), and the problems of claim-accrual, as well as of damages, are less complex under the regulation we are applying. In all probability a contractor employee would know, at the time his security clearance was restored or shortly thereafter, whether the initial denial of clearance had caused him to lose earnings, and there would normally be less difficulty in appraising the monetary amount of such a loss than in determining damages for many 'kinds of injuries actionable under the Tort Claims Act. In any event, this plaintiff waited almost six years after his final clearance before filing, and it hardly lies in his mouth to challenge the one-year period as too abbreviated.
For the latter reason we are not troubled in this case by the fact that the 1966 regulation was adopted in December of that year, six months after Cutler’s clearance in June 1966. The directive in effect in June was the 1960 regulation which, like the 1955 version, did not incorporate a time-limit on the filing of the claim. In Greene v. United States, supra, 376 U.S. at 155-56, 160, the Court thought it significant that that claimant had actually filed and asserted his claim to the Department under the prior (1955) regulation, and it was *229 not until six or seven months later that the Secretary of Defense issued the new 1960 regulation on which the Government there relied. As the Court said, Greene’s rights “matured and were asserted under the 1955 directive.” 376 U.S. at 160. In contrast, Cutler did not assert his rights until long after the 1960 directive had been superseded; and, as we have pointed out, although his substantive rights may have matured under the 1960 regulation (in effect in June 1966) or the still earlier 1955 directive, there is no reason why a later procedural requirement cannot be invoked if it is reasonably applied. Cf. Thorpe v. Housing Authority, 393 U.S. 268, 281-83 (1969); Lockheed Aircraft Corp. v. United States, 192 Ct. Cl. 36, 47, 426 F. 2d 322, 328 (1970).
Perhaps a contractor employee cleared in June 1966 could object if his claim, filed for example in July 1967,[10] were rejected as untimely (cf. Kellogg-Citizens Nat’l Bank v. United States, 165 Ct. Cl. 452, 330 F. 2d 635 (1964)), but this plaintiff, though charged by law with knowledge of the time limitation in the 1966 directive, waited over five years after its issuance before he applied. In addition, there is not even a linguistic obstacle to reading the 1966 directive as giving all claimants, including plaintiff, a full year from December 1966 (or early January 1967 when the regulation became effective). The limitation bars a claim “unless it is filed within one year after the date such claim first accrues, or within one year of the final disposition of the case, whichever is later.” It would not be difficult, in order to avoid injustice,[11] to hold that a restitution claim would not “first accrue”, for the filing purposes of the 1966 regulation, until the effective date of that regulation which first imposed a time-limit where previously there was none. In sum, plaintiff had a reasonable time, after the 1966 regulation became operative, to present his claim — but he failed by the widest of margins.
Because of this belated filing of his application with the Department of Defense, contrary to the provisions of the 1966 *230 regulation, plaintiff’s claim was properly rejected and he is not entitled to recover. His motion for summary judgment is denied and the defendant’s cross-motion is granted. The petition is dismissed.

 For other cases under this series of regulations, see Greene v. United States, 376 U.S. 149 (1964) ; Kanarek v. United States, 161 Ct. Cl. 37, 314 F. 2d 802 (1963), cert. denied, 379 U.S. 838 (1964), 184 Ct. Cl. 125, 394 F. 2d 525 (1968), cert. denied, 394 U.S. 1013 (1969) ; Margolin v. United States, 175 Ct. Cl. 768 (1966).

 Paragraph 26 of Department of Defense Directive 5220.6, dated Feb. 2, 1955, 20 Red. Reg. 1553,1559 :
“Monetary Restitution. In cases where a final determination Is favorable to a contractor employee, the department whose activity originally forwarded the case to the Director [of the Office of Industrial Personnel Security Review] will reimburse the contractor employee in an equitable amount for any loss of earnings during the interim resulting directly from a suspension of clearance. Such amount shall not exceed the difference between the amount the contractor employee would have earned at the rate he was receiving on the date of suspension and the amount of his interim net earnings. No contractor employee shall be compensated for any increase in his loss of earnings caused by his voluntary action in unduly delaying the processing of his case under this part.”

 Paragraph X (“Reimbursement for Loss of Earnings”), subparagraph F, of Department of Defense Directive 5220.6, dated December 7, 1966, 31 Fed. Reg. 16188, 16193.

 The Court also said that “In this ease the only available administrative procedure [under the 1960 regulation] entailed the burden of presenting the claim under an Inapplicable and substantially revised regulation * * Id. (footnote omitted).

 Margolin v. United States, supra, 175 Ct. Cl. 768, applied the 1955 regulation to a claimant originally denied clearance In 1954 but there was no contention that an earlier directive should be used, under Greene, the court did not apply the 1960 regulation. In Kanarek v. United States, supra, 184 Ct. Cl. 125, 394 F. 2d 525, the court also applied (without contest) the 1955 regulation to a claimant whose clearance was first suspended In 1954. In neither case was there a problem of late filing.

 With Perry v. Allen, compare Iovino v. Waterson, 274 F. 2d 41, 49 (C.A. 2, 1959), cert. denied, 362 U.S. 949 (1960).

 The general rule is that “statutes of limitation may be passed where formerly there were none” (Soper v. Lawrence Bros. Co.., 201 U.S. 359, 367-68 (1906)), and existing limitation periods may be reduced while the time is still running (Ochoa v. Hernandez, 230 U.S. 139, 161-62 (1913)), provided that a reasonable time is left for the institution of an action before the bar falls. Atchafalaya Land Co. v. F.B. Williams Cypress Co., 258 U.S. 190, 197 (1922).

 In view of the regulation’s requirement of a mandatory administrative claim, the six-year limitations period of 28 U.S.C. § 2501 (1970) would not begin to run at least until after the administrative claim was filed. See Friedman v. United States, 159 Ct. Cl. 1, 8 et seq., 310 P. 2d 381, 385 et seq. (1962), cert. denied. sub. nom. Lipp v. United States, 373 U.S. 932 (1963) ; Harper v. United States, 159 Ct. a. 135, 310 F. 2d 405 (1962).

 The present case Is an Illustration of the difficulties which can occur through a belated presentation. The parties dispute strongly whether Emerson’s discharge of plaintiff has been shown to have been occasioned by the interim denial of clearance in 1957, but there now appear to be no or few records available by which to resolve that controversy — and quite understandably memories of the participants have dimmed. If plaintiff had filed within a shorter period after his clearance in June 1966, the means of settling this factual dispute might have then been available. His long delay in filing has obviously added to the problems of ascertaining the facts, and no adequate explanation of the delay has been offered. We need not decide, however, whether the Government’s separate defense of laches should be sustained.

 I.e., seven months alter the adoption of the 1966 directive In December 1966 but more than a year alter clearance.

 This series of regulations Is to be given an equitable construction to compensate employees whose security clearance has been Improperly or wrongly denied. Greene v. United States, supra, 376 U.S. at 161.