By judicial action plaintiff was ordered restored to the position from which he had wrongfully been dismissed. Phillips v. Bergland, 586 F.2d 1007 (4th Cir. 1978). By stipulation, later modified, it is agreed by the parties that back pay due plaintiff is $143,234.80. Plaintiff, a Forest Service employee, held a GS-12, step 9, position which paid an annual salary of $20,995 at the time of his dismissal. He was restored at the then prevailing salary rate of $31,287 for his position. The dispute over offsets to which defendant is entitled, and the claims of plaintiff for promotion, attorney’s fees and costs, came before this court which by order of March 3, 1981, 227 Ct. Cl. 532, rejected plaintiffs claims and remanded the case to the trial division under Rule 131(c)(2) for a determination on the offset issue and the net amount of plaintiffs recovery.
The case is again before us. Plaintiff by motion for summary judgment contends that the March 3 order limits the offset to—
actual outside earnings or by any amount plaintiff could have reasonably earned by seeking and obtaining employment at the minimum wage, under principles set forth in Power v. United States, 220 Ct. Cl. 157, 169-70, 597 F.2d 258, 263-65 (1979), cert. denied, 444 U.S. 1044 (1980).
Plaintiff has properly quoted but improperly interpreted what the court intended by its order. The issue is whether the offset should be calculated at no higher than the minimum wage or at the amount which plaintiff earned, or with reasonable diligence might have earned, during the period between his discharge and his reinstatement. The trial judge has not yet had oppprtunity to report pursuant to the March 3, 1981, order since his chance to do so has been pre-empted by the plaintiffs pending motion for summary judgment.
*807 In opposition to plaintiffs motion, defendant argues that as an experienced mechanical engineer, holding two master’s degrees, plaintiff was capable, with reasonable effort, of earning more than the minimum wage (totaling $27,728.80) or the small sum ($1,328) he claims actually to have earned during the 5-1/2 years of his government unemployment. Defendant does not read the order of the court, quoted above in pertinent part, as relieving plaintiff from his burden of showing proper mitigation by exercising the required diligence in seeking other employment prior to his reinstatement. Motto v. United States, 175 Ct. Cl. 862, 866, 360 F.2d 643, 645 (1966).
Defendant is correct. Perhaps the order of the court could have been more clearly drawn but it was not the intention of the court to disregard or overrule the line of cases that hold plaintiff has the burden to show that he sought to minimize his losses and mitigate his damage as much as possible. We hold that this may be done by showing actual outside earnings and the amount plaintiff could have reasonably earned by seeking and obtaining employment at no less than the minimum wage and at a level commensurate with his established earning capacity. We do not mean by this that it has to be assumed plaintiff would have earned as much as he lost. Rather, we hold that he must demonstrate that he made a good faith effort to do so. If he did so try but did not succeed, the minimum wage will be the floor under his recovery, not the offset ceiling in cases where his efforts were insubstantial. Each case must be considered on its own facts as presented by the parties and the result may in some situations be in the nature of a jury verdict. Power v. United States, 220 Ct. Cl. 157, 597 F.2d 258 (1979), cert. denied, 444 U.S. 1044 (1980); Kanarek v. United States, 161 Ct. Cl. 37, 314 F.2d 802 (1963), cert. denied, 379 U.S. 838 (1964); Schwartz v. United States, 149 Ct. Cl. 145, 181 F.Supp. 408 (1960).
it is therefore ordered, upon consideration of the motion and opposition thereto, without oral argument, that plaintiffs motion for summary judgment is denied, and the case is again remanded to the trial division for proceedings in compliance with the order of March 3, 1981, and of this order.
*808 On January 7, 1983 the court entered judgment for plaintiff for $79,697.30 ($10,026.43 credited to plaintiffs account with the Civil Service Commission retirement fund, $15,939.46 to be credited toward amount owed in federal income tax, and $53,731.41 to be paid to plaintiff).