645 P.2d 1375

Andrea K. TERRY, Personal Representative of the Estate of Robert Lynne Schlueter, Deceased, Santiago G. Chavez, Sr., Personal Representative of the Estate of David Chavez, Deceased, and Ruben Chavez, Plaintiffs-Appellants,

v.

NEW MEXICO STATE HIGHWAY COMMISSION, et al., Defendants,

and

Brown Construction Company, a corporation, Defendant-Appellee.

Andrea K. TERRY, Personal Representative of the Estate of Robert Lynne Schlueter, Deceased, Santiago G. Chavez, Sr., Personal Representative of the Estate of David Chavez, Deceased, and Ruben Chavez, Plaintiffs-Appellants,

v.

NEW MEXICO STATE HIGHWAY COMMISSION, et al., Defendants,

and

Bovay Engineers, Inc., Defendant-Appellee.

No. 13886, 14141.

Supreme Court of New Mexico.

April 12, 1982.

Rehearing Denied June 7, 1982.

Melvin L. Robins, Albuquerque, for plaintiffs-appellants.

Modrall, Sperling, Roehl, Harris & Sisk, James A. Parker, Mark B. Thompson, III, Albuquerque, for Brown Const. Co.

Rodey, Dickason, Sloan, Akin & Robb, Ray H. Rodey, W. Mark Mowery, Albuquerque, for Govan Engineers.

OPINION

PAYNE, Justice.

These cases, which have been certified to us from the Court of Appeals, require us to take a further look at established case law in two important areas involving contractors' liability: the ten-year limitation on actions against architects, engineers and contractors, § 37–1–27, N.M.S.A.1978, and the limitations on a contractor's liability set forth in *Tipton v. Clower*, 67 N.M. 388, 356 P.2d 46 (1960). They also present a situation where a cause of action is barred by an unreasonably short limitations period. We hold that an unreasonably short limitations period denies due process and therefore reverse the trial court's grant of summary judgment for Bovay Engineers, Inc. (Bovay). We reaffirm the principles previously set forth in *Tipton v. Clower, supra*, and therefore affirm the trial court's grant of summary judgment for defendant-appellee Brown Construction Company (Brown).

Bovay was the engineer and Brown was the contractor for a construction project on State Highway 124, at or near McCarty's Exit in Valencia County. The project was substantially completed on September 6, 1967, the date of final inspection by the State Highway Department. Brown performed no work on the project after that inspection. Nine years and nine months later, on June 11, 1977, two persons died and another suffered serious and permanent injury in a one-car accident which occurred on a curve which was built as a part of the project.

Plaintiffs Terry and Chavez, personal representatives of the deceaseds, brought suit within two years of the accident, on June 8, 1979, against numerous parties, and added Bovay and Brown as defendants on June 6, 1980, in an amended complaint.

Bovay and Brown moved separately for summary judgment, each claiming that the suit was barred by the provisions of Section 37–1–27, which reads:

No action to recover damages for * * * bodily injury or wrongful death, arising out of the defective or unsafe condition of a physical improvement to real property, nor any action for contribution or indemnity for damages so sustained, against any person performing or furnishing the construction or the design, planning, supervision, inspection or administration * * * shall be brought after ten years from the date of substantial completion of such improvement * * * *

Brown also claimed that it had completed its contract in accordance with the plans provided by the State. Brown argued that the curve as designed and built was not

obviously dangerous to a reasonable man, and therefore it could not be held liable under the rule announced in *Tipton v. Clower, supra.* The trial court granted the motions of both defendants and plaintiffs appealed. The Court of Appeals certified the cases to this Court pursuant to Section 34–5–14(c), N.M.S.A.1978, because they involve "a significant question of law under the Constitution of New Mexico." We consolidated these cases because they present identical issues.

Brown contends that we need not reach the constitutional question because under *Tipton* it would not be liable even if the statutory limitation period were invalid. However, since Bovay's appeal has been consolidated with Brown's, we reach the constitutional issue.

## I.

Plaintiffs argue that Section 37–1–27 is unconstitutional on several grounds. They claim that it denies due process because it deprives the State of a potential right to indemnification from Bovay and Brown in case plaintiffs prevail against the State. Plaintiffs also claim that the statute denies equal protection of the law because it makes a distinction between contractors and owners which has no rational basis, and that it constitutes special legislation which is prohibited by the New Mexico Constitution, Article IV, Section 24.

█ We need not discuss plaintiffs' argument that Section 37–1–27 deprives the State or any other landowner of a potential right to indemnification from Brown. Plaintiffs are without standing to assert such a claim. They have not shown how any of their own rights are affected by this effect of the statute. *State v. Hines,* 78 N.M. 471, 432 P.2d 827 (1967).

█ As to their other arguments, plaintiffs recognize that the case of *Howell v. Burk,* 90 N.M. 688, 568 P.2d 214 (Ct.App.), *cert. denied,* 91 N.M. 3, 569 P.2d 413 (1977), upheld this statute against a similar attack. However, numerous similar cases have been decided in other jurisdictions since *Howell*

was written. *See generally* Annot., 93 A.L.R.3d 1242 (1979). Plaintiffs, and the Court of Appeals, urge us to examine these constitutional questions. We have done so and conclude that, subject to one important refinement, the *Howell* majority opinion represents the proper approach. *See Overland Const. Co., Inc. v. Sirmons,* 369 So.2d 572 (Fla.1979) (Alderman, J., dissenting); *Burmaster v. Gravity Drainage Dist. No. 2,* 366 So.2d 1381 (La.1978); *O'Brien v. Hazelet & Erdal,* 410 Mich. 1, 299 N.W.2d 336 (1980); *Harmon v. Angus R. Jessup Associates, Inc.,* 619 S.W.2d 522 (Tenn.1981).

█ The only aspect of *Howell* which we need discuss is the problem raised but not answered in *O'Brien, supra.* The *O'Brien* court pointed out that "a plaintiff whose injury occurred and whose right of action thus vested shortly before expiration of the [statutory] period" might be denied due process because he would be denied a reasonable time within which to bring his suit. 299 N.W.2d at 341 n.18. The cause of action in the present case arose approximately three months before the expiration of the ten-year period, yet the action was commenced after the ten-year period expired. We are therefore squarely faced with the question raised in *O'Brien.*

This type of statute has been aptly characterized as partly an abrogation of a cause of action and partly a statute of limitations. *Id.* 299 N.W.2d at 341 (citing *Oole v. Oosting,* 82 Mich.App. 291, 298–300, 266 N.W.2d 795, 799–800 (1978)). We emphasize that the abrogation effect of the statute on claims which accrue after the ten-year period does not violate the Constitution. *Howell, supra.* The question we face here deals with the limitations characteristic, since the cause of action did accrue within the ten-year period. Thus, we must decide whether a cause of action, once accrued, may be barred by a period so short that it in effect prevents an injured party from obtaining relief.

We note at the outset that Section 37–1–27 does not specify whether the statute extends or limits other applicable limitations periods, as does at least one compara-

ble statute. *See, e.g.*, Utah Code Ann. § 78–12–25.5(2) (1953) (stating that the statute shall not extend or limit other applicable periods of limitations). Nor does Section 37–1–27 contain a grace period extending the limitations period for actions brought late in the ten-year period, as do some similar statutes. *See, e.g.*, N.D.Cent. Code § 28–01–44(2) (1974). Therefore, the interplay between Section 37–1–27 and the otherwise applicable statutes of limitation is unclear. The question is whether actions which accrue near the end of the ten-year expiration date should be governed by the ten-year limit or by any other limitations period otherwise applicable.

It has been argued that, where the ten-year period would expire before any otherwise applicable statute of limitations, the courts should enforce the ten-year period because that provision is special and limited in scope, and applicable special statutes prevail over general statutes. Vandall, *Architects' Liability in Georgia: A Special Statute of Limitations*, 14 Ga.St.B.J. 164, 165 (1978); Note, *Actions Arising Out of Improvements to Real Property: Special Statutes of Limitations*, 57 N.D.L.Rev. 44, 56 (1981). One court, recognizing that such a statute is "not at all a typical statute of limitations," characterized it as a "hybrid." *O'Connor v. Altus*, 67 N.J. 106, 117, 335 A.2d 545, 553 (1975). That court described the operation of the statute:

> On the one hand, it bars a right of action from coming into existence if the accident occurs subsequent to the ten-year period; but as to those events happening before the statutory period has run, the provision disallows, like any other statute of limitations, the institution of suit after the prescribed ten years has expired.
>
> As do many of its counterparts in other states, N.J.S.A. 2A:14–1.1 impliedly incorporates the tort limitation act generally applying to all personal injury actions. [Citation omitted.] Hence, this state's two-year statute of limitations, * * * does operate to restrict the period in which actions can be initiated for accidents occurring within ten years after construction; but it does not serve to

extend beyond ten years from the date construction was completed the time within which suit may be filed.

*Id.* Other cases have held that the ordinary statute of limitations applies to actions brought within the statutory period, so that the special statutory period acts as an outside limit within which the customary statutes of limitation continue to operate. *A.J. Aberman, Inc. v. Funk Bldg. Corp.*, 278 Pa.Super. 385, 420 A.2d 594 (1980) (see also cases cited *id.* 420 A.2d at 598).

Recognizing the merit of these two related approaches, we nevertheless are persuaded that fundamental considerations of due process require that the ten-year limitation not be applied to actions accruing within but close to the end of the ten-year period.

In *Davis v. Savage*, 50 N.M. 30, 168 P.2d 851 (1946), we adopted certain language from Wood on Limitations 75 (4th ed.): "A statute of limitations will bar any right, however high the source from which it may be deduced, *provided that a reasonable time is given to a party to enforce his right.*" *Id.* at 42, 168 P.2d at 859 (emphasis added). The general rule is that statutes of limitation may be passed where formerly there were none, and existing limitation periods may be reduced while the time is still running, provided *that a reasonable time* is left for the institution of an action before it is time-barred. *Cutler v. U.S.*, 202 Ct.Cl. 221, *cert. denied*, 414 U.S. 1065, 94 S.Ct. 572, 38 L.Ed.2d 470 (1973); *Walker v. City of Salinas*, 56 Cal.App.3d 711, 128 Cal.Rptr. 832 (1976); *Stanley v. Denning*, 130 Ill.App.2d 628, 264 N.E.2d 521 (1970). *See generally* 51 Am.Jur.2d *Limitation of Actions* §§ 27–35 (1970). The constitutionality of statutes of limitation has hinged on the reasonableness of the time provided to pursue a remedy. *Capitan Grande Band of Mis. Indians v. Helix Irr. Dist.*, 514 F.2d 465 (9th Cir.), *cert. denied*, 423 U.S. 874, 96 S.Ct. 143, 46 L.Ed.2d 106 (1975); *Town of Brookline v. Carey*, 355 Mass. 424, 245 N.E.2d 446 (1969).

Although this rule has been formulated in circumstances where a limitations statute,

applied retroactively, operates to bar an existing remedy, we think it is an appropriate general restriction on the Legislature's right to statutorily limit actions.

There is no New Mexico limitations period which would give an aggrieved party less than three months to pursue a claim for personal injury, as Section 37–1–27 would do under these facts. Indeed, that section could operate to give an injured party only one day to pursue a claim, if the cause of action accrued one day prior to the expiration of the ten-year period. We hold that such an abbreviated period is unreasonable.

Although the courts may find a limitations period to be unreasonably short, it is not a judicial function to set appropriate limitations periods. We have upheld limitations periods as short as one year when justified by specific considerations. *See Espanola Housing Authority v. Atencio*, 90 N.M. 787, 568 P.2d 1233 (1977). However, as the Legislature has not specified a shorter reasonable period of limitations for actions such as the ones at bar, we feel compelled to apply the period provided by the applicable statute of limitations. The general period of limitation for personal injuries is three years. § 37–1–8, N.M.S.A. 1978. In an action for wrongful death, which accrues as of the date of death, the limitations period is also three years. § 41–2–2, N.M.S.A.1978. Applying these limitations periods to the cases at bar, we hold that plaintiffs' actions against Bovay and Brown are not barred by Section 37–1–27, since they named these parties as defendants less than three years after the accident occurred.

## II.

■ Since the statute does not bar this action against Brown, we will discuss the application of *Tipton, supra*. The rule set forth in *Tipton* provides that, generally, an independent contractor may be liable to third parties who may have been foreseeably endangered by the contractor's negligence, even after the owner has accepted the work. *Id.* 67 N.M. at 393–94, 356 P.2d 49. The general rule is subject to two limitations:

1) The independent contractor should not be liable if he merely carefully carried out the plans, specifications and directions given him, at least where the plans are not so obviously dangerous that no reasonable man would follow them, and

2) If the owner discovers the danger, or it is obvious to him, his responsibility may supersede that of the contractor. *Id.; Baker v. Fryar*, 77 N.M. 257, 260, 421 P.2d 784, 786 (1966).

Brown claims that it is exempt from liability under the first exception, since its uncontradicted affidavits establish that it satisfactorily completed the work in accordance with the terms and conditions of the construction contract, and that the plans and specifications provided by the State were standard for this type of project and contained no obviously dangerous elements. Brown neither designed nor engineered the plans and specifications for the project. These affidavits are sufficient to support Brown's motion for summary judgment.

Plaintiffs have failed to produce any contrary evidence as to these material facts. Plaintiffs refer to a traffic engineering consultant's written report, which concludes that the curve is hazardous. It states: "Regardless of the reason for building the curve as it is, there is no question in my mind that in so building this curve, a hazard was created." The hazard results from a combination of factors, including inadequate pavement and poor signing as well as deceptive curvature and inconsistent banking. However, nothing in the report indicates that Brown did not carefully carry out the plans, specifications and directions given, or that these plans were "so obviously dangerous that no reasonable man would follow them." *Id.* These are the relevant fact determinations here. Plaintiffs' report does not reach these questions and does not contradict the affidavits put forth by Brown.

Plaintiffs also cite *New Mexico Electric Service Co. v. Montanez*, 89 N.M. 278, 551 P.2d 634 (1976), for the proposition that the

first exception noted above is no longer the rule in New Mexico. However, *Montanez* did not involve a contractor who used plans given to him, and the first exception was not even discussed in relation to the facts in *Montanez.* Therefore the *Tipton* rule and its exceptions remain the law in New Mexico.

### III.

We reverse the grant of summary judgment for Bovay and affirm the grant of summary judgment for Brown.

IT IS SO ORDERED.

EASLEY, C. J., SOSA, Senior Justice, and FEDERICI, J., concur.

RIORDAN, Justice, Respectfully dissenting.

RIORDAN, Justice, concurring in part and dissenting in part.

I concur in affirming the trial court's granting summary judgment in favor of Brown Construction Company. *Tipton v. Clower,* 67 N.M. 388, 356 P.2d 46 (1960).

I disagree with the reversal of the summary judgment granted Bovay. I cannot agree that the statute is unconstitutional. The majority holds that since the injury in this case occurred only three months before the ten year limitation on bringing the action runs that the statute is unconstitutional to the extent that it operates to bar a valid claim without providing a reasonable time to the injured party to enforce his right. There is no evidence in the record to support the assumption by the majority that three months was not a reasonable time in this case to bring an action.

I believe the statute is clear in its statement of the legislative purpose. Section 37–1–27, N.M.S.A. (1978) reads as follows:

37–1–27. Construction projects; limitation on actions for defective or unsafe conditions.

No action to recover damages for any injury to property, real or personal, or for injury to the person, or for bodily injury or wrongful death, arising out of the defective or unsafe condition of a physical improvement to real property, nor any action for contribution or indemnity for damages so sustained, against any person performing or furnishing the construction or the design, planning, supervision, inspection or administration of construction of such improvement to real property, and on account of such activity, *shall be brought* after ten years from the date of substantial completion of such improvement; provided this limitation shall not apply to any action based on a contract, warranty or guarantee which contains express terms inconsistent herewith. The date of substantial completion shall mean the date when construction is sufficiently completed so that the owner can occupy or use the improvement for the purpose for which it was intended, or the date on which the owner does so occupy or use the improvement, or the date established by the contractor as the date of substantial completion, whichever date occurs last. [Emphasis added.]

I believe that the legislature acted within their authority in enacting the statute and that it is constitutional. Indeed, the appellant did not even attack the statute on the grounds that the majority used to hold it unconstitutional in its application to certain cases. The constitutional issues raised by the appellant had already been answered adversely to her position in *Howell v. Burk,* 90 N.M. 688, 568 P.2d 214 (1977) and *Mora-San Miguel Electric Cooperative, Inc. v. Hicks & Ragland Consulting & Engineering Co.,* 93 N.M. 175, 598 P.2d 218 (1979).

I would affirm the trial court's grant of summary judgment in favor of Bovay, and not hold the statute unconstitutional.